**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| C2 OPTIONS EXCHANGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12 C 6471 |
| | ) | |
| INTERNATIONAL SECURITIES EXCHANGE, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO DISMISS

MATTHEW F. KENNELLY, District Judge:

C2 Options Exchange, Inc. has sued International Securities Exchange, LLC (ISE). C2 seeks a declaratory judgment that it is not infringing a patent held by ISE (the '707 patent) or alternatively that the patent is invalid or unenforceable. ISE has moved to dismiss, arguing that there is no live case or controversy or alternatively that the Court should exercise its discretion not to consider C2's claim.

The Declaratory Judgment Act permits a district court to issue a declaratory judgment "In a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). This standard is met if "under all the circumstances, ... there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks omitted). In a patent case, a declaratory judgment plaintiff "must allege both (1) an affirmative act by the patentee related to the enforcement of his patent rights, and (2) meaningful

preparation to conduct potentially infringing activity." *Ass'n for Molecular Pathology v. U.S. Patent & Trademark Ofc.*, 689 F.3d 1303, 1318 (Fed. Cir. 2012) (citations omitted). The test is objective; the words and actions of the patentee are controlling. *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009).

C2 operates a securities exchange that specializes in trading securities options and uses a computerized trading platform based on a version of the CBOEdirect trade engine software. ISE operates an all-electronic securities exchange that likewise offers trading in securities options.

In 2007, ISE sued the Chicago Board Options Exchange (CBOE) in a separate suit alleging infringement of the '707 patent. In August-September 2010, ISE requested discovery concerning C2 (whose parent is an entity called CBOE Holdings, Inc.). At a hearing in that case in late September 2010, ISE's lawyer stated that ISE considered the C2 exchange to infringe the '707 patent and that this expanded its allegations of infringement and potentially would increase its damages. ISE also made this accusation reasonably clear in writing.

C2 filed a declaratory judgment lawsuit shortly thereafter, in October 2010, seeking essentially the same relief it seeks in this lawsuit. ISE moved to dismiss, arguing (as it does now) that there was no actual controversy. ISE and C2 stipulated to dismiss that action without prejudice, pending resolution of certain appeals in the ISE – CBOE lawsuit. The stipulation provided that C2 could file a new declaratory judgment suit within 30 days of conclusion of the appeals. *See* Pl.'s Opp. to Mot. to Dismiss, Ex. K. The appeals were concluded in 2012, and C2 then filed the present suit.

In short, matters stand essentially as they did when the first suit was filed. ISE made a direct accusation of infringement. The fact that it did so in the context of a discovery dispute in the CBOE lawsuit is of no consequence; an accusation is an accusation. Because ISE made the accusation together with a statement that it "expanded" its allegations of infringement and potentially increased its infringement-related damages, the accusation is sufficient to amount to an affirmative act related to enforcement of ISE's patent rights.

ISE contends that C2 is using a modified trading platform that differs from the one that it evidently believed infringed the '707 patent and that as a result, there is no actual controversy regarding the platform that C2 actually uses. ISE relies on an allegation in C2's complaint in the present case that it submitted a rule change to the Securities Exchange Commission (evidently in October 2010), ISE interprets this as meaning that the system C2 uses is different from the one it had planned to use at the time the earlier accusation was made.

The pertinent allegation in C2's complaint is as follows:

> C2 submitted a rule change with the SEC, the stated purpose of which was to streamline its rule relating to order execution and priority, specifically clarifying that the C2 exchange did not and would not combine pro-rata (size-based) allocation with customer priority.

Compl. ¶ 7. In short, C2 essentially alleges that the rule change clarifies that it does not infringe ISE's patent. ISE seizes on this as establishing the lack of an actual controversy. But a party is not required to concede infringement for in order for a court to have jurisdiction to issue declaratory judgment. *See Green Edge Enters., LLC v. Rubber Mulch Etc., LLC*, 620 F.3d 1287, 1301-02 (Fed. Cir. 2010). And contrary to ISE's argument, there is no indication in the complaint or otherwise that the system C2

3

is using or plans to use is different from the one that ISE previously said it regarded as infringing. C2 alleges in its complaint that "[t]he design of C2 was substantially fixed prior to October 2010," Compl. ¶ 8; the key accusation of infringement that ISE made about C2 in the CBOE lawsuit occurred on September 28, 2010. In addition, C2 specifically states in its response to the motion to dismiss that it "uses th[e] same trading engine" as the CBOEdirect trading system that ISE has accused of infringement. Pl.'s Opp. to Mot. to Dismiss at 2. Finally, even before ISE made the September 2010 accusation, C2's parent entity had announced that it would not use customer priority or pro rata allocation. These points together are sufficient to establish for jurisdictional purposes that the system that C2 is using is the one that ISE understood it was accusing of infringement back in September 2010.

ISE also argues that the September 2010 threat was made two years before the present suit was filed and should be regarded as stale. But nothing has changed, at least not based on what the Court can tell from the papers the parties have submitted. It is reasonable to conclude that the reason for the lack of further accusations or other activity in the meantime lies in the parties' stipulation to dismiss the earlier declaratory judgment suit and the pendency, in the interim, of the appeals in the CBOE litigation. Now that those appeals are concluded, the dispute between ISE and C2 stands exactly as it did when C2 filed its first suit. *See Ass'n for Molecular Pathology*, 689 F.3d at 1321 (passage of time does not extinguish actual controversy if circumstances have not changed).

In sum, C2 has alleged both an act by ISE related to enforcement of its patent rights – namely its accusation that the C2 trading platform is infringing – and meaningful

4

preparation by C2 to conduct activity that ISE considers infringing – namely its use of the same trading platform that ISE previously accused. That is sufficient to establish an actual controversy within the meaning of the Declaratory Judgment Act and Article III of the Constitution.

The Court declines ISE's request to exercise its discretion to dismiss the case despite the existence of an actual controversy. ISE says that C2 filed suit in order to choose the forum in which the controversy is litigated. That, however, is not a basis by itself to dismiss a suit, *see Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005), and ISE has not argued any of the other factors that *Electronics for Imaging* says bear on that question. *See id.* ISE also says that it should not be forced into litigation before a time of its choosing, but if that were a controlling factor there would be no such thing as a viable declaratory judgment suit by a party accused of wrongdoing, which is not the law. Finally, the fact that filing suit might theoretically give C2 some sort of negotiating advantage – which the Court quite seriously doubts – is likewise not a basis to decline to hear a declaratory judgment suit over which the Court otherwise has jurisdiction. *See Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1289 (Fed. Cir. 2007).

**Conclusion**

For the reasons stated above, the Court denies defendant's motion to dismiss [dkt. no. 26] and directs defendant to answer the complaint by no later than January 28, 2013. The case remains set for a status hearing on January 17, 2013 for the purpose of setting a pretrial schedule pursuant to this District's Local Patent Rules. The parties are to submit to chambers by the close of business on January 16, 2013 a completed

version of Appendix A to those rules as well as a listing of the dates corresponding to each side's disclosure and other obligations under the Local Patent Rules.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 14, 2013