IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| C2 OPTIONS EXCHANGE, INCORPORATED, | ) ) | Case No. 12-cv-6471 |
| Plaintiff, | ) ) | |
| | ) | Judge Matthew F. Kennelly |
| v. | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| INTERNATIONAL SECURITIES EXCHANGE, LLC. | ) ) | |
| Defendant. | ) ) | |

**C2 OPTIONS EXCHANGE INCORPORATED'S
<u>UNOPPOSED MOTION TO STAY CASE PENDING APPEAL</u>**

**I.      INTRODUCTION**

Plaintiff C2 Options Exchange, Incorporated ("C2") respectfully requests that the Court stay this action pending a decision on the patent-in-suit, U.S. Patent No. 6,618,707 ("the '707 patent"), by the United States Court of Appeals for the Federal Circuit in the anticipated upcoming appeal from the final judgment expected to be entered in *Chicago Board Options Exchange, Inc. v. International Securities Exchange, LLC*, Case No. 07-cv-0623 pending before the Honorable Joan H. Lefkow in this district ("the CBOE Action"). As in this case, the CBOE Action concerns the '707 patent. Judge Lefkow made several rulings in the CBOE Action that affect the scope or validity of certain claims of '707 patent. The Federal Circuit's review of these rulings, including for example, Judge Lefkow's rulings concerning invalidity as to certain claims of the '707 patent, will directly impact the present case. Defendant International Securities Exchange, LLC ("ISE") advised counsel for C2 on April 3, 2013 that ISE does not oppose the relief C2 is seeking.

As set forth herein, the Court should stay this case because of the overlap of issues between the present action and the CBOE Action. The resolution of overlapping issues with the

CBOE Action: (1) will not prejudice ISE, the same defendant in the CBOE Action; (2) will reduce the burden on the Court and the parties; and (3) will streamline the issues in the present case. Accordingly, C2 respectfully requests that the Court stay this case.

## II.     BACKGROUND AND CASE STATUS

On March 22, 2013, the parties in the CBOE Action filed a stipulation to resolve all outstanding issues as a result of several rulings made by Judge Lefkow pertaining to the '707 patent. In that stipulation, the parties agreed, in view of those rulings, that: (i) CBOE does not infringe the asserted claims of the '707 patent; (ii) certain of the claims of the '707 patent are invalid; and (iii) an immediately appealable final judgment should be entered in favor of CBOE and against ISE. The appeal of the CBOE Action before the Federal Circuit, therefore, will involve consideration of at least Judge Lefkow's rulings that affect the scope of certain claims of the '707 patent, including invalidity rulings and possibly others, which overlap with issues in this case.

In the present case, C2 filed this action for a declaratory judgment of noninfringement, invalidity and unenforceability of the '707 patent. (Dkt. No. 1.) ISE moved to dismiss the complaint asserting a lack of case or controversy to support the Court's jurisdiction. (Dkt. No. 26.) The Court denied ISE's motion on January 14, 2013. (Dkt. No. 45.) Thereafter, the Court issued an Order setting certain deadlines and adopting the parties' proposed case schedule on January 17, 2013. (Dkt. Nos. 46 & 47.) This case is in its early stages. Under the current case schedule, fact discovery does not close for over seven months, claim construction briefing will not commence for approximately eight months, and a claim construction hearing will not occur until early 2014. (Dkt. Nos. 46 & 47.) The parties have not yet exchanged contentions or conducted discovery beyond initial disclosures. Further, the case is not yet on this Court's trial calendar, and no pretrial or trial dates have been set.

## III. THE COURT SHOULD STAY THIS CASE PENDING THE FEDERAL CIRCUIT'S RESOLUTION OF THE APPEAL IN THE CBOE ACTION

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Seventh Circuit recognizes that this power includes the authority to stay a case pending the resolution of litigation in another forum that involves similar, potentially controlling, issues. *See Texas Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005); *see also Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("A district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation."). In determining whether to exercise their inherent power to stay a case, courts evaluate: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (citing *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03-cv-7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004)); *see also Card Activation Techs., Inc. v. 7-Eleven, Inc.*, No. 10-cv-4984, 2011 WL 663960, at *1 (N.D. Ill. Feb. 10, 2011). Because all three of these factors support staying this case pending the Federal Circuit appeal in the CBOE Action, this Court should grant C2's unopposed motion.

### A. ISE Does Not Oppose a Stay of This Action

ISE has represented that it does not oppose the stay that C2 seeks. Thus, staying this case will neither prejudice nor tactically disadvantage ISE. Further, a stay would simply preserve the claims and defenses currently available to and asserted by the parties as of the date of the stay,

the Court's jurisdiction and venue having now been established, and would allow the parties to resume the pursuit of those claims and defenses upon conclusion of the Federal Circuit appeal in the CBOE Action.

### B. A Stay Will Simplify Issues and Streamline Trial in This Case

Entry of a stay will simplify and streamline the issues in this case, and may even render some disputes moot. A stay is particularly appropriate in patent cases where, as here, the Federal Circuit will be deciding issues that may affect claim scope or validity on at least some of the same claims as are at issue in the action to be stayed. *See, e.g.*, *Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc.*, No. 08 C 2389, 2008 WL 4395854, at *5-6 (N.D. Ill. Sept. 25, 2008) (granting stay pending Federal Circuit's resolution of claim construction and validity issues on patents at issue); *see also Rosenthal Collins Grp., LLC v. Trading Techs. Int'l, Inc.*, No. 05-cv-4088, 2009 WL 3055381, at *4 (N.D. Ill. Sept. 18, 2009) (staying case because the Federal Circuit's consideration of claim construction and other matters relating to the same patents "may affect the direction of this case," and therefore "it makes little sense to proceed further on the merits of [the pending case] until that appeal is resolved"). During the appeal of the CBOE Action, the Federal Circuit will consider many of the same arguments concerning the scope and validity of certain claims of the '707 patent that are at issue in this case.

Regardless of how the Federal Circuit rules on the scope and invalidity of the '707 patent, its ruling will simplify the issues in this case. If the Federal Circuit upholds Judge Lefkow's rulings concerning the scope of disputed claim terms or invalidity of certain claims, those rulings will also apply in this case and any dispute about them will be moot. In fact, the scope of C2's non-infringement and invalidity assertions as to the '707 patent may even be reduced. On the other hand, if the Federal Circuit reverses or revises Judge Lefkow's rulings on those issues, such rulings will still nevertheless apply in this case.

### C. A Stay Will Reduce the Burden of Litigation on the Parties and the Court

Staying this case until the Federal Circuit resolves the issues on appeal in the CBOE Action will reduce the burden on the Court as well as the parties. There can be no dispute that a stay will promote judicial economy by reducing the issues that this Court and the parties will have to address by resolving overlapping issues such as claim construction and invalidity of certain claims. As discussed, the Federal Circuit appeal in the CBOE Action will result in a final determination as to the scope of several disputed claims, and will resolve the validity questions as to certain claims of the '707 patent. Consequently, the burden on the parties and the Court in this case will be lessened, as they will not have to waste time and resources addressing those same issues.

If the Court were not to stay this case, and should the Federal Circuit reverse Judge Lefkow as to overlapping issues prior to this matter going to trial, it is possible that matters could actually become more complicated. For example, if the parties in this case were to rely on the current rulings and the Federal Circuit were to revise them on appeal, the parties here would have to redo work in this case done in reliance on Judge Lefkow's rulings. This could include reopening fact discovery and revisiting expert discovery, including: filing of new or amended expert reports and likely additional fact and expert depositions. Such a result would be unnecessarily costly and duplicative for both the parties and the Court. Thus, staying the case pending the Federal Circuit's decision will accord the benefits of "streamlining the case, simplifying the issues, and saving the resources of the parties and the Court." *Baxter Int'l*, 2008 WL 4395854, at *5.

### IV. CONCLUSION

The Federal Circuit's decision on the rulings by Judge Lefkow in the CBOE Action will inform these proceedings and simplify this case's issues, particularly with respect to the scope or

validity of certain claims of the '707 patent. A stay of the present action would serve the interests of judicial economy and avoid conflicting decisions. Further, ISE does not oppose the relief C2 is seeking. Therefore, C2 respectfully requests that this Court stay this action until the Federal Circuit rules on the appeal of the CBOE Action.

Dated: April 4, 2013.

Respectfully submitted,

By: /s/ Stacie R. Hartman
Stacie R. Hartman
Rachel F. Sifuentes
**SCHIFF HARDIN LLP**
233 South Wacker Drive, Suite 6600
Chicago, IL 60606-6473
Telephone (312) 258-5500
Facsimile (312) 258-5600

Gina M. Bassi (*pro hac vice pending*)
666 Fifth Avenue, 17th Floor
New York, NY 10103
Telephone: (212) 753-5000
Facsimile: (212) 753-5044

*Attorneys for Plaintiff C2 Options Exchange, Incorporated*

- 7 -

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 4, 2013, I electronically filed and served the foregoing C2 OPTIONS EXCHANGE, INCORPORATED'S UNOPPOSED MOTION TO STAY CASE PENDING APPEAL with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will automatically notify and serve all counsel of record.

    /s/ Stacie R. Hartman
Stacie R. Hartman

09865-0330
CH2\12743810.3